UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JAMES RATLIFF                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:15-CV-144-TBR

JOANN DeBAUN et al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a county pretrial detainee pursuant to 42 U.S.C. §
1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before
the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d
601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).  For the
reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## FACTUAL ALLEGATIONS

In his Complaint,[1] Plaintiff alleges that he is a prisoner in the Ballard County, Kentucky,
Detention Center.  Plaintiff alleges that in May 2015, Defendant Joann DeBaun ("DeBaun"), a
guard at the detention center, "pulled a hand taser out of her purse and struck me with a personal
taser that was not even suppose to be in the jail." He alleges that DeBaun did this "for absolutely
no other reason than she was 'playing' with him." He alleges that another guard witnessed the
"attack" and reported it to the jailer. He also alleges that another guard told him that he had been
"hit by a cattle prong." Plaintiff is suing DeBaun in her personal and official capacity.

---

[1] Plaintiff initially filed a handwritten complaint which was docketed as DN 1.  He was then instructed to file his
complaint on the appropriate 42 U.S.C. § 1983 Complaint Form.  This completed Complaint Form was docketed as
DN 4.  Plaintiff did not include all of his original allegations on the Complaint Form but he did state at the end that
the Court should "also see original complaint."  For these reasons, the Court is considering and referring to both his
original handwritten complaint (DN 1) and his completed 42 U.S.C. § 1983 Complaint Form (DN 4) as the
"Complaint."

In his Complaint, the Plaintiff also names Ballard County Jailer Donnie Hall ("Hall") as a defendant. With regard to the tasering incident, Plaintiff states that as the head Jailer, Hall is "directly responsible for the actions or lack thereof of all deputy jailers and as such is equally guilty of all actions committed by [DeBaun]."

Plaintiff also alleges that Hall put him "in danger of serious physical harm" and violated his right to be free from "cruel and unusual punishment" by placing a violent inmate, "who by his own words hated sex offenders," in Plaintiff's protective custody cell. Plaintiff, who states that he is incarcerated for committing a "Class A sex crime involving a young child," further alleges that on or about June 1, 2015, he was hit in the mouth by this inmate "causing an open wound and loss of blood."

Plaintiff did not indicate in either his handwritten complaint or on the § 1983 Complaint Form whether he was suing Hall in his personal or official capacity or both.  However, the manner in which he completed them indicates to the Court that he intended to sue Hall in the same way in which he sued DeBaun, i.e., in both her official and individual capacity.

<u>**SUMMARY OF CLAIMS**</u>

The Court is construing these allegations as excessive-force claims in violation of the Fourteenth Amendment against both DeBaun and Hall in their official and personal capacities and as a deliberate-indifference claim in violation of the Fourteenth Amendment against Hall in his official and personal capacity.  The Plaintiff has requested compensatory damages, injunctive relief, punitive damages, and that all charges filed and pending against him be dismissed. The Court will review each of these claims in turn.

2

## STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the Court is construing the allegations against DeBaun and Hall for tasering Plaintiff as excessive-force claims under the Fourteenth Amendment and the allegations against Hall for placing a violent inmate in Plaintiff's protective custody cell and allowing him to be attacked as a deliberate-indifference claim under the Fourteenth Amendment.

### A. Fourteenth Amendment Excessive-Force Claims

The Court is construing Plaintiff's allegations against DeBaun for tasering him for "play," and against Hall for permitting such activity as DeBaun's supervisor, as an excessive-force claim against both. Because Plaintiff is a pretrial detainee, he brings his excessive-force claims under the Fourteenth Amendment's Due Process Clause which "protects a pretrial

detainee from the use of excessive force that amounts to punishment." *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008)(quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

### i. Official-Capacity Claims against Deputy Jailer DeBaun and Jailer Hall

Plaintiff sued DeBaun in her official capacity. Plaintiff did not indicate whether he was suing Hall in his official capacity. However, in the Plaintiff's original handwritten complaint (DN 1), he captioned his complaint against both Defendants identically which suggests to the Court that he intended to sue both in the same manner.

Official-capacity suits…generally represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants DeBaun and Hall, therefore, are actually against Ballard County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is

5

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original). To demonstrate municipal liability, a plaintiff must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not identify a municipal policy or custom that was the moving force behind his tasering. To the contrary, Plaintiff actually states that DeBaun's actions were in violation of the "Rules of Staff Conduct." As such, the Court holds that the Complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Consequently, the official-capacity claims against DeBaun and Hall for excessive force will be dismissed.

### ii.  Individual-Capacity Claim against Deputy Jailer DeBaun

The Sixth Circuit has not resolved whether the Due Process Clause of the Fourteenth Amendment grants pretrial detainees more protections than the Eighth Amendment. *Leary v. Livingston County*, 528 F.3d at 443. However, the Court need not consider that issue here because it finds that Plaintiff has at stated a claim under the Eighth Amendment standard.

Under the Eighth Amendment, an official's conduct will be found to amount to cruel and unusual punishment "when their offending conduct reflects an unnecessary and wanton infliction of pain." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).  In examining an excessive-force claim under the Eighth

Amendment, the constitutional analysis has both a subjective and an objective component, requiring the court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted [is] sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In all instances, "[t]o hold an officer liable for the use of excessive force, a plaintiff must prove that the officer '(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'" *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)) (alteration added).

Here, Plaintiff has alleged that the DeBaun used a taser on him "for absolutely no other reason than she was "playing" with him and that "discharging volts of electricity into his arm is anything but 'play.'" For the purpose of this 1915A review, the Court finds that under the above-stated law, these allegations are sufficient to state an excessive-force claim**.** Thus, Plaintiff shall be allowed to proceed on his taser/excessive-force claim against DeBaun in her personal capacity.

### iii.   Individual-Capacity Claim against Jailer Hall

Plaintiff's excessive-force claim against Hall in his individual capacity for DeBaun's tasering of him must be dismissed because it appears that this claim arises under the doctrine of respondeat superior. The law is settled that actions brought against state actors cannot be

7

maintained under § 1983 on a theory of respondeat superior, *see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. at 659, 691-95; *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011) (citing *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995), unless the state actor was directly involved in the alleged violations of the plaintiff's constitutional rights, *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010)(internal citations and quotation marks omitted). For vicarious liability to attach, the defendant must have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [party]." *Colvin*, 605 F.3d at 292 (citing *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009)).

Here, Plaintiff does not allege that Hall was directly involved in DeBaun's tasering of him or that he implicitly authorized or approved of her conduct. Rather, in his Complaint, Plaintiff merely states that "as the head Jailer, [Hall] is directly responsible for the actions…of all deputy jailers and such is equally guilty of all actions committed by [DeBaun]." (DN 1, p. 2). The Court construes this language as attempting to hold Hall liable for DeBaun's actions through the doctrine of respondeat superior and, because the law prohibits such, will dismiss the excessive- force claim against Hall in his official capacity for failure to state a claim upon which relief may be granted.

### B. Fourteenth Amendment Deliberate-Indifference Claim

As set forth above, Plaintiff alleges that Jailer Hall placed a maximum security inmate in his protective custody cell and that this inmate attacked Plaintiff on June 1, 2015, by hitting Plaintiff in the mouth and "causing an open wound and loss of blood." The Court is construing these allegations against Hall as a claim under the Fourteenth Amendment for being deliberately indifferent to Plaintiff's safety.

### i.   Official-Capacity Claim against Jailer Hall

The Court fully set forth above the requirements for bringing an official-capacity claim against a county official, including the requirement that the Plaintiff show that a municipal policy or custom resulted in his alleged constitutional injury.  Because Plaintiff does not allege that a municipal policy or custom led to the placement of a violent inmate in his protective custody cell and his subsequent injury, the Court will dismiss the official-capacity claim against Hall for deliberate indifference to Plaintiff's safety.

### ii.   Individual-Capacity Claim against Jailer Hall

Finally, the Court determines that Plaintiff has stated a Fourteenth Amendment deliberate-indifference claim against Hall in his personal capacity. To state a cognizable deliberate-indifference, an inmate must show that the the alleged mistreatment was "objectively" serious and that the defendant "subjectively" ignored the risk to the inmate's safety. *Leary v. Livingston*, 528 F.3d at 442 (6th Cir. 2008)(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

 Here, Plaintiff, who states that he is imprisoned for a sex crime against a young child, alleges that Hall housed a maximum security inmate who hated sex offenders in Plaintiff's protective custody cell and that this inmate attacked Plaintiff.  The Court finds that these allegations are sufficient to state a deliberate indifference claim under the Fourteenth Amendment.   Thus, Plaintiff shall be allowed to proceed on his deliberate indifference claim against Hall in his personal capacity.

## **<u>CONCLUSION</u>**

For the foregoing reasons,

**IT IS ORDERED** that all official-capacity claims against Defendants DeBaun and Hall and the individual-capacity claim against Hall for excessive force be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment excessive-force claim against Defendant DeBaun in her individual capacity and the Fourteenth Amendment deliberate indifference claim against Defendant Hall shall **PROCEED** for damages.[2]  In permitting these claims to proceed, the Court passes no judgment on the merit and ultimate outcome of the action.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       Ballard County Attorney

4413.011

---

[2] In his Complaint, Plaintiff also requests that all "filed and pending charges" against him be dismissed. (DN 1). This Court, however, has no authority to interfere in state-court criminal proceedings, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937 (6th Cir. 2000); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir.1996).